# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| THERON MAXTON, SCDC, #140384, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 0:04-22326-DCN-BM |
| v. | ) ) | |
| C. TAYLOR, OFFICER AT EVANS CORRECTIONAL INSTITUTION AND K. FREEMAN, OFFICER AT EVANS CORRECTIONAL INSTITUTION, in their personal and individual capacities, | ) ) ) ) ) ) ) ) | **REPORT AND RECOMMENDATION** |
| Defendants. | ) ) ) | |

This action has been filed by the Plaintiff, pro se, pursuant to 42 U.S.C. § 1983. Plaintiff, an inmate with the South Carolina Department of Corrections, alleges violations of his constitutional rights.

The Defendants filed a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on March 29, 2005. As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on April 4, 2005, advising Plaintiff of the importance of a motion for summary judgment and of the necessity for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted, thereby ending his case. Plaintiff thereafter filed a response to the Defendants' motion on April 18, 2005. Defendants'

1



motion is now before the Court for disposition.[1]

## Background and Evidence

Plaintiff alleges in his verified Complaint[2] as follows:

Defendant C. Taylor in her personal and individual capacity as officer at Evans Correctional Institution have conspired with Defendant K. Freeman in her personal capacity to have the Plaintiff hurt or kill and of retaliation for Plaintiff filing actions against Defendant Freeman, who solicited Defendant Taylor who she knew have a personal vendetta against the Plaintiff that go back five months that Defendant Taylor tried to get Plaintiff stab over drugs she bought for another prisoner that she think Plaintiff took out her bag that Defendant Taylor had to make good to another inmate, Defendant Freeman and Defendant Taylor both have stated they would see the Plaintiff dead, therefore Plaintiff request the action he seek in this complaint.

Plaintiff seeks declaratory and/or injunctive relief, as well as monetary damages. See Verified Complaint.

In support of summary judgment in the case the Defendants have submitted an affidavit from Mary Coleman, Chief of the Inmate Grievance Branch with the South Carolina Department of Corrections. Coleman attests in her affidavit that Plaintiff has never filed a grievance against the Defendant Taylor, and has only filed one grievance against the Defendant Freeman, alleging sexual harassment. Coleman attests that, as of the date of her affidavit (March 24, 2005), that grievance was still pending. Coleman specifically attests that Plaintiff has never filed a grievance against either Defendant or any other SCDC personnel regarding allegations that they

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d) and (e), D.S.C. The Defendants have filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

[2]In this Circuit, verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991). Plaintiff has filed a verified Complaint. Therefore, the undersigned has considered the factual allegations set forth in the verified Complaint in issuing a recommendation in this case.



have tried to hurt him or have him killed. See generally, Coleman Affidavit. A copy of the grievance Plaintiff filed against the Defendant Freeman is attached to Coleman's affidavit.

The Defendant Freeman has also submitted an affidavit, wherein she attests that she is a correctional officer at the Evans Correctional Institution (ECI), where Plaintiff was incarcerated. Freeman attests that she is not aware of any vendetta that the Defendant Taylor has against the Plaintiff, nor is she aware of any incidents that occurred between Plaintiff and Taylor, and that she has not conspired with Taylor to harm the Plaintiff in any way. Freeman further attests that she never told the Plaintiff that she would "see him dead", and that she now no longer has any contact with the Plaintiff because he is no longer housed at ECI. See generally, Freeman Affidavit.

The Defendant Taylor has also submitted an affidavit, wherein she attests that she is a correctional officer at ECI, and that she is familiar with the Plaintiff. Taylor attests that she has no vendetta against the Plaintiff, that she has never tried to have him hurt or killed, and that she never conspired with the Defendant Freeman to harm the Plaintiff in any way. Taylor further attests that the Plaintiff never took anything out of her bag, that she never tried to have the Plaintiff stabbed, and that she never told Plaintiff that she would "see him dead". Taylor attests that she no longer has any contact with the Plaintiff, as he is no longer housed at ECI. See generally, Taylor Affidavit.

Finally, the Defendants have submitted an affidavit from Janice Kenealy, who attests that she is employed by the Department of Corrections in the inmate records office. Kenealy attests that she has attached a copy of the Plaintiff's Classification Summary Report to her affidavit. See Kenealy Affidavit, with attached Exhibit.

In his memorandum filed in opposition to the Defendants' motion for summary judgment, Plaintiff states that he will produce witnesses and other evidence to prove that the

3



Defendants conspired to commit murder. Plaintiff also goes on to complain that the Department of Corrections hired the Defendants to have prisoners killed. Plaintiff has attached several exhibits to his memorandum, including an affidavit from fellow inmate Maxie Goodyear, who attests that he heard the Defendant Taylor talking to inmate Curtis Porterfield about having the Plaintiff killed, and that a week later he saw the Defendant Freeman give Porterfield some marijuana. Goodyear states that he "found out later was two ounces to have the Plaintiff [ ] stabbed." Goodyear also states that he "know[s]" that Freeman had sex with inmate Keith Jackson on September 18, 2004 "to find someone to stab the Plaintiff....", and that both Freeman and Taylor offered sex to him [Goodyear] if he would stab the Plaintiff. See generally, Goodyear Affidavit.

Plaintiff has also attached copies of numerous Step 1 grievance forms, one of which is the grievance he filed against Freeman alleging sexual harassment (also attached to Coleman affidavit). In the other grievance forms, Plaintiff complains about being transferred out of retaliation for filing lawsuits (grievance dated November 10, 2004), complains about Freeman allowing inmates to masturbate in the prison kitchen (July 31, 2004), complains that Freeman is still allowing this activity to take place (August 8, 2004), complains about several other prison officials not involved in this lawsuit (October 29, 2004), complains about various activities of various prison guards or officials, including Freeman [but not including a claim that Freeman is trying to have him killed] (October 28, 2004), and complains about Freeman and others selling drugs and having sex with inmates (October 29, 2004). Plaintiff's exhibits also include a request to staff member form dated November 10, 2004 relating to his alleged retaliatory transfer.

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions,



answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. The moving party has the burden of proving that judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing there is a genuine issue for trial." Rule 56(e), Fed.R.Civ.P. Further, while the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, see Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

After careful consideration of the arguments and evidence presented in this case, the undersigned finds and concludes that the Defendants are entitled to summary judgment. Defendants argue, inter alia, that this case is subject to dismissal because Plaintiff has failed to exhaust his administrative remedies as required by 42 U.S.C. § 1997e. Anderson v. XYZ Correctional Health Services, Inc., 407 F.3d 674, 683 (4th Cir. 2005) [inmate's failure to exhaust administrative remedies is an affirmative defense to be pled and proven by the Defendant]. Pursuant to § 1997e(a), "[n]o action shall be brought with respect to prison conditions[3] under section 1983

---

[3] There is no definition for the term "prison conditions" contained in § 1997e. The Sixth Circuit utilizes a definition derived from 18 U.S.C. § 3262:

> [T]he term "civil action with respect to prison conditions" means any civil proceeding arising under federal law with respect to the

5



of this Title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Through the enactment of this statute, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); *see* Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to plaintiff). Accordingly, before Plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the SCDC grievance process.[4]

---

conditions of confinement or the effects of actions by government officials on the lives of persons confined in prison, but does not include habeas corpus proceedings challenging the fact or duration of confinement in prison.

Id. § 3626(g)(2). *See* Hartsfield v. Vidor, 199 F.3d 305, 308 (6th Cir. 1999) (specifically requiring exhaustion of plaintiff's equal protection claim). The Second Circuit derives its definition from existing case law, defining prison conditions as "'those aspects of prison life affecting the entire prison population, such as the food, medical care, recreational facilities and the like,'" including "action affecting the prisoner [that] was dictated by prison policy or reflected a facility-wide practice affecting the entire inmate population." Neal v. Goord, 267 F.3d 116, 2001 WL 1178293 (2d Cir., Oct 04, 2001) (quoting Lawrence v. Goord, 238 F.3d 182, 185 (2d Cir. 2001) (*per curiam*)). Both of these definitions encompass Plaintiff's claims herein.

[4] In orders filed on May 9, 1996, this Court certified that the inmate grievance procedure established by the South Carolina Department of Corrections met the standards required by 42 U.S.C. § 1997e(a)(2). *See* the orders filed in Misc. No. 3:96-MC-83-2 and Misc. No. 3:96-MC-84-2 (D.S.C., May 9, 1996), which incorporate by reference SCDC PS-10.01 (May 1, 1996).

In order to exhaust the SCDC administrative remedy, an inmate must fill out a Form

6



10-5, Step I about the matters raised in his Complaint and give the form to the Institutional Inmate Grievance Coordinator within fifteen (15) days of the alleged incident of which the inmate complains. The Warden will respond to the Step 1 grievance in writing no later than forty (40) days from the filing of the initial grievance. If the inmate is not satisfied with the Warden's response, he or she must file an appeal of the Step I grievance response by filing a Form 10-5a, Step 2 Request for Responsible Official Review with the Inmate Grievance Coordinator within five (5) days of the receipt of the response from the Warden. A responsible official will have sixty (60) days to respond to the Step 2 grievance. The decision of the "responsible official" who answers Step 2 is the Department's final response in the matter.

Here, Defendants have submitted evidence to show that Plaintiff failed to exhaust his administrative remedies in this action with respect to the claim presented prior to filing this lawsuit. Indeed, the undersigned notes that, while Plaintiff has himself submitted copies of numerous Step 1 grievances he has filed with prison administrators, none of these grievance forms include the claim presented in this lawsuit. Therefore, there being no evidence that the Plaintiff has exhausted his administrative remedies with respect to this claim, this case is subject to dismissal for lack of exhaustion of administrative remedies.

## Conclusion

Based on the foregoing, it is recommended that the Defendants' motion for summary judgment be **granted**, and that this case be **dismissed**, without prejudice, for failure of



the Plaintiff to exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

August 11, 2005

**Notice of Right to File Objections to Magistrate Judge's Report and Recommendation**
**&**
**The Serious Consequences of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within ten (10) days of the date of its filing.  28 U.S.C. § 636 and Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail.  Fed. R. Civ. P. 6.  Based thereon, this Report and Recommendation, any objections thereto, and the case file will be delivered to a United States District Judge fourteen (14) days after this Report and Recommendation is filed.  Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3 (S.D.N.Y. 1992).  A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge.  See Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he wishes the United States District Judge to consider any objections.  Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.  Failure to file written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge.  See United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-47 & nn. 1-3 (4th Cir. 1985).  Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he did not object.  In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues.  Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991).  See also Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985).  In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object.  The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless.  * * *  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.  * * *  We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-19 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review.  * * *  A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

See also Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review").  This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.  See Wright, supra,; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing addressed as follows:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

